IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANANT N. MAUSKAR, § <br> (Reg. #20298-179) § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> C. LEWIS, *et al.*, § <br> § <br> Defendants. § | § <br> § <br> § <br> § <br> § <br> CIVIL ACTION H-08-2214 <br> § <br> § <br> § <br> § |

**MEMORANDUM AND OPINION**

Anant N. Mauskar, a federal prisoner, sued in July 2008, alleging civil rights violations resulting from a denial of due process and a failure to protect. Mauskar, proceeding *pro se* and *in forma pauperis*, sues the following employees at the Federal Detention Center in Houston, Texas: C. Lewis, an officer; D. Robertson, a counselor; D. Pena, a counselor; W. Liverman, an investigator; and R. L. Roberts, a disciplinary hearing officer. A careful review shows that Mauskar's claims must be dismissed because he failed to exhaust administrative remedies; his due process claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); and his failure to protect claim lacks merit. The reasons for these rulings are set out below.

**I.      Background: The Allegations in the Complaint**

Mauskar alleges that before he was convicted and incarcerated, he was a physician trained to diagnose communicable diseases. He alleges that during his incarceration at the FDC Houston, Mauskar shared a cell for three weeks with Martinez-Gomez, who had open sores. Based on his medical experience, Mauskar knew that Martinez-Gomez had an infectious disease. Mauskar was worried about his own vulnerability because he is 74 years old and has a history of prostate cancer,

for which he had received radiation treatment. Mauskar wrote a letter advising the FDC staff of the need to treat Martinez-Gomez. Mauskar gave the unsigned letter to defendant Robertson, a counselor at the FDC. Mauskar alleges that Martinez-Gomez was taken to the clinic and prescribed medications, but he does not specify when this took place.

Mauskar alleges that on July 25, 2006, defendant Lewis, an FDC officer, saw two inmates arguing about a letter. Lewis confiscated the letter, which stated that Martinez-Gomez was spreading a contagious disease. On July 26, 2006, Lewis charged Mauskar with a Code 212 disciplinary offense, encouraging a group demonstration, for having inmates sign a petition to remove Martinez-Gomez from the unit. On July 28, 2006, defendant Pena, a counselor, conducted an investigation. Mauskar denied that the letter he gave to Robertson contained inmate signatures. Mauskar received written notice of the disciplinary charge on July 26, 2006. The disciplinary hearing was held on August 3, 2006. Mauskar attended the hearing and pleaded not guilty. Mauskar made an oral statement but was unable to call three witnesses. Mauskar tried unsuccessfully to introduce a copy of the letter that he initially given to Robertson. Mauskar asserts that he wanted to show that he never prepared a petition and never solicited inmate signatures.

The hearing officer, defendant Roberts, found Mauskar guilty and punished him with fifteen days in segregation and the loss of fourteen days of good-conduct time. Mauskar received a copy of the disciplinary record containing the findings of fact. Mauskar alleges that the defendants charged him with a false disciplinary offense and fabricated evidence to obtain a conviction. Mauskar asserts that he did not file grievances because he feared for his safety.

Mauskar alleges that he was housed in a Special Housing Unit after his disciplinary charge. He alleges that his cellmate repeatedly threatened to kill him. When Mauskar complained, staff took

the cellmate to the psychiatric clinic several times and a psychologist came to evaluate him several times.

In this lawsuit, Mauskar seeks a declaratory judgment that the defendants violated his constitutional rights and an injunction requiring the defendants to produce the letter made the basis of the disciplinary charge. He also demands a jury trial, compensatory damages of $2,000,000.00 from each defendant, punitive damages of $2,000,000.00 from each defendant, and attorneys' fees.

## II. The Issue of Exhaustion

Exhaustion of administrative remedies under 42 U.S.C. § 1997e(a) is mandatory for suits challenging prison conditions. *See Woodford v. Ngo,* 548 U.S. 81, 82-86 (2006)(citing *Porter v. Nussle,* 534 U.S. 516, 524 (2002); *Booth v. Churner,* 532 U.S. 731, 739 (2001)); *Johnson v. Johnson,* 385 F.3d 503, 515 (5th Cir. 2004); *Days v. Johnson,* 322 F.3d 863, 866 (5th Cir. 2003). Section 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) requires "that administrative remedies be exhausted before the filing of a § 1983 suit." *Wendell v. Asher,* 162 F.3d 887, 890 (5th Cir. 1998) (emphasis added); *see also Johnson,* 385 F.3d at 515; *Harris v. Hegmann,* 198 F.3d 153, 157 (5th Cir. 1999).

The Bureau of Prisons has a three-tier administrative process for inmate complaints about any aspect of confinement. 28 C.F.R. §§ 542.10-542.15. Prisoners have twenty days after an event or occurrence to file a formal written Administrative Remedy Request (commonly known as a BP-9), which is sent to the warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, the prisoner may file an appeal to the Regional Director (commonly known as a BP-10)

within twenty days of the date on the response. 28 C.F.R. § 542.15. Prisoners may appeal to the General Counsel within thirty days of the Regional Director's response (commonly known as BP-11). *Id.* The CFR provides that "[w]hen the inmate demonstrates a valid reason for delay, these time limits may be extended." *Id.*

Mauskar acknowledges that he did not file any grievances on his claims. He claims he did not file grievances because he "feared for his safety." (Docket Entry No. 6, Plaintiff's More Definite Statement, p. 12). The courts have rejected similar excuses for the failure to exhaust administrative remedies before filing a § 1983 suit over prison conditions. In *Summers v. Gibson*, 105 Fed. Appx. 605, 2004 WL 1842677 (5th Cir. 2004) (unpublished per curiam), the prisoner, like Mauskar, filed his complaint in the district court without having exhausted the grievance procedures. The prisoner, like Mauskar, alleged that he feared retaliation if he filed a grievance. The appellate court affirmed the dismissal of his suit, noting that the prisoner did not allege that he had been the subject of retaliation or provide any basis for the fear of retaliation for filing a grievance. *Id.* (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)). In this case, Mauskar makes no claim that he had been the subject of retaliation or that he has been retaliated against since filing this lawsuit. The record discloses no basis to excuse his failure to exhaust administrative remedies.

The Supreme Court has stated that "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise . . . . Here, we hold only that Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6. *See Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002) (noting that the current version of § 1997e(a) provides for no discretion to excuse exhaustion). The circuit courts that have addressed the issue

4

have also held that there is no exception to the PLRA exhaustion requirement for BOP inmates. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209-10 (10th Cir. 2003); *Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000); *Higginbottom v. Carter*, 223 F.3d, 1259, 1261 (11th Cir. 2000).

Mauskar concedes that he did not exhaust administrative remedies before filing his lawsuit. His claims remain unexhausted. However, because the claims fail on the merits, dismissal without prejudice to permit exhaustion is not required. *See Fitch v. Adams*, 228 Fed. Appx. 435, 2007 WL 1170773 (5th Cir. 2004)(finding that it was unnecessary to remand to permit exhaustion because the complaint failed on the merits).

### III. The Due Process and Failure to Protect Claims

Under 28 U.S.C. § 1915A(a), a court must review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as practicable after docketing and dismiss any claim that is fails to state a claim on which relief may be granted. *See* 28 U.S.C.A. § 1915A(a), 1915(e)(2)(A) (West 2006). Mauskar's claims are reviewed to determine whether they may proceed further.

#### A. The Due Process Claim

To recover damages because a disciplinary conviction in a prison was unconstitutional, or to obtain a declaratory judgment that the conviction was unconstitutional, a prisoner must show that the conviction has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). A claim for damages based on a conviction or sentence that has not been reversed or invalidated does not state a cause of action.

*Heck* involved a suit filed under 42 U.S.C. § 1983 in which a finding in the plaintiff's favor

meant that his state criminal conviction was invalid. The Court held that the plaintiff could not state a damages claim until his conviction had been reversed or otherwise invalidated. *Heck* also applies to lawsuits filed against federal officers and to claims that a prison disciplinary conviction and punishment are unconstitutional. *See Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994), and *Edwards v. Balisok*, 520 U.S. 641, 646-47 (1997).

Mauskar asserts that the disciplinary case the defendants filed against him was false and the evidence presented against him fabricated. A finding in Mauskar's favor would necessarily mean that his disciplinary conviction is invalid. Because Mauskar lost fourteen days of good-conduct credits as punishment, a finding in his favor in this law suit would necessarily mean that the length of his sentence is improper. If Mauskar were to prevail in this lawsuit, that would mean that he should be released fourteen days sooner than his present sentence provides. Under *Heck*, Mauskar cannot state a claim for damages or declaratory relief in this case unless he can show that his disciplinary conviction has been reversed or invalidated. Mauskar does not assert that the *Heck* requirements have been satisfied. As a result, he has failed to state a claim for a wrongful disciplinary conviction on which relief can be granted. Mauskar's due process claim is dismissed with prejudice to reasserted when and if the *Heck* conditions are met. *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

B.  **The Claim Based on a Failure to Protect**

An inmate's claim that his constitutional rights were violated because prison officials failed to protect him from harm requires a showing of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The standard compares to "subjective recklessness as used in the criminal law." *Id.* at 839-40. The inmate must show that the officials knew facts from which an inference

of risk could be drawn and that they drew the inference. Under special circumstances, official knowledge of a substantial risk may be inferred from the obviousness of that risk. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).

Mauskar alleges that the defendants failed to protect his personal safety in two respects. First, he alleges that his cellmate had signs of an infectious disease and that there was a risk of contagion because of his own prior history of cancer treatment. Mauskar alleges that he alerted officials at FDC Houston. Mauskar acknowledges that this inmate was taken to the clinic and treated. At most, Mauskar appears to complain that there was an unspecified delay between his complaint and the FDC's response. But there is no basis to conclude that the delay in action that Mauskar alleges resulted from deliberate indifference to a known risk. Second, Mauskar alleges that a different cellmate was violent and threatened him. Mauskar also alleges that he complained to the FDC officials and that the cellmate received frequent medical and psychiatric care.

Mauskar's allegations preclude his claim that the defendants knew of, and disregarded, a substantial risk to his health and safety. Mauskar has not alleged facts showing that the defendants deliberately failed to protect his personal safety, in violation of the constitution. Mauskar's claim is dismissed.

## IV. Conclusion

The action filed by Anant N. Mauskar (Reg. #20298-179) lacks an arguable basis in law. His claims are dismissed with prejudice under 28 U.S.C. § 1915A(b)(1). Mauskar's motion for service, (Docket Entry No. 7), is denied as moot. Any remaining pending motions are DENIED as moot.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702,

Attention: Manager of the Three-Strikes List.

SIGNED on July 28, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge